UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Joanne D'Aprice, as Administratrix of
the Estate of Laurette D'Aprice,
Deceased, and on behalf of the minor
children of the Deceased: Crystal Smith,
a minor; Kelly Smith, a minor; and
John Smith, Jr., a minor; as their Court
Appointed Custodian, and James Mellucci,
individually,

                         Plaintiffs,


                  v.


John Fernandez, M.D. in personal capacity,
M. Morgan, R.N. in personal capacity,
M Thomas, R.N. in personal capacity, John
Doe(s) and Jane Doe(s) being the attending
doctor(s), attending nurse(s), administrators and
promulgators of rule, polices and procedures at
the Albion Prison Medical Facility and Albion
Prison Correctional Facility whose identities are
not yet known,

                        Defendants.

**Hon. Hugh B. Scott**

00CV00397

**Decision
&
Order**

       Before the Court is the plaintiff's motion seeking reconsideration of this Court's Decision

& Order granting defendant's motion for summary judgment. (Docket No. 66).[1]

---

       [1]      The parties have consented to have this matter tried before the undersigned
pursuant to 28 U.S.C. § 636(c).

The plaintiffs bring this action under 42 U.S.C. §1983 concerning the death of Laurette D'Aprice ("D'Aprice").  D'Aprice allegedly died of a pulmonary embolism while incarcerated at the Albion Correctional Facility ("ACF") on May 18, 1997.   The plaintiffs' allege that the defendants, Dr. John Fernandez, Mary Morgan, R.N.  and Mark Thomas, R.N ., were deliberately indifferent to D'Aprice's medical needs in that they failed to prevent against deep vein thrombosis ("DVT") by using physical therapies and other methods and that the withholding of these treatments were a substantial factor in her death. (Complaint ¶¶ 19-22).

In a Decision & Order dated December 28, 2004, the Court determined that the plaintiffs failed to present evidence from which a trier of fact could reasonably conclude that the medical personnel that treated D'Aprice at the ACF were deliberately indifferent to D'Aprice's medical needs.  Thus, the Court granted the defendant's motion for summary judgement.

The plaintiffs now move pursuant to Rule 60(b) alleging that "certain evidence and facts were perhaps inadvertently overlooked, and certain controlling cases were also overlooked and/or misapplied." (Docket No. 66 at page 2).[2]  In this regard, the plaintiffs contend that they have, at the very least, raised a question of fact as to whether Dr. Fernandez was deliberately indifferent to D'Aprice's medical needs.  The plaintiffs presents no new evidence or arguments in this regard, but reiterates the arguments previously submitted in opposition to the defendant's

---

[2]   The plaintiff fails to identify which subsection of Rule 60(b) the motion is predicated upon.  It appears that the plaintiff contends that the Court made a mistake under Rule 60(b)(1).

motion for summary judgement and in support of plaintiffs' motion for partial summary judgement.

The plaintiffs have not demonstrated that reconsideration of the Court's December 28, 2004 Decision & Order is warranted. The undisputed evidence in the record detailing the significant medical treatment afforded to D'Aprice reflects that Dr. Fernandez did not ignore or disregard her medical needs. Dr. Fernandez and the medical staff were not only aware of the possibility that D'Aprice could develop DVT, but took steps to prevent the development of DVT. Estelle v. Gambel, 429 U.S. 97, 106 (1976)(A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir.1991) (Unsuccessful medical treatment does not give rise to a § 1983 cause of action. Nor does mere negligence, neglect or medical malpractice.)

The fact that other forms of treatment were available or that the chosen treatment did not ultimately prevent the plaintiff from developing DVT does not raise an issue of fact as to whether Dr. Fernandez was deliberately indifferent to D'Aprice's condition.  Gamble, 429 U.S. at 107 (stating that the decision whether additional forms of treatment are indicated "is a classic example of a matter for medical judgment").  The fact that a difference of opinion may exist among medical professionals does not elevate the exercise of medical judgement into deliberate

3

indifference. <u>Demaio v. Wong</u>, 100 F.3d 943 (2d Cir. 1996)( An exercise of medical judgment cannot constitute deliberate indifference.).  "To establish deliberate indifference, plaintiff must demonstrate that the defendants 'actually wish[ed] him harm, or at least, [were] totally unconcerned with his welfare.' " <u>Scott v. Perio,</u>  2005 WL 711884, *6 (W.D.N.Y. 2005)(Arcara, C.J.).  The plaintiffs have failed to present evidence from which a trier of fact could reasonably conclude that this standard has been met.

The motion for reconsideration is denied.

So ordered.

s/Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
September 27, 2004